MqBride, judge,
delivered the opinion of the court.
Wood the plaintiff brought an action of debt against the defendant Harris and Hoiyell O’Neal in the Saline circuit court. The declaration contained two counts. The first count declared upon a writing obligatory executed by the defendants to the plaintiff, setting the same out substantially. The second count copies the writing sued on in extenso, and assigns breaches thereon.
The defendant craved oyer of the writing sued on, set the same out, and plead non est factum without affidavit.' He also filed a plea of offset. Issues were taken by the plaintiff, and the cause was submitted to the court, sitting as a jury, when the plaintiff offered to read the instrument sued upon as evidence in the case, to which the defendants objected, and their objection was sustained by the court. Whereupon the plaintiff took a nonsuit, and subsequently moved to set the same aside for the reason that his evidence was rejected by the court, but the court over-ruled his motion, and he excepted, and has brought the case here by writ of error.
It is not now necessary to inquire whether the declaration be sufficient in law to authorize the instrument of writing sued on to be read in evidence. The defendant is precluded, by the pleadings in the cause, from now raising that question.
Mr. Chitty, in his pleadings vol. 1 page 467, lays down the rule as follows. “If the deed be set out on oyer, it becomes parcel of the record, and the court will adjudge upon it accordingly, though it were not strictly demandable when granted. Should the true fact and meaning of the deed be mis-stated in the declaration, the variance is cured and becomes immaterial, if the deed be set out on the plea on oyer and non est factum be pleaded; for on that issue the only question at the trial is, whether the deed, as set out in the plea, was executed by the defendant or not, and the jury are not competent to decide what is the legal effect of the deed.”
The plea not having been verified by affidavit, the plaintiff had the right therefore to read the bond in evidence.
The other judges concurring, the judgment of the circuit court is reversed, and the cause remanded.